# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GERALD HAND,

                                 :

         Petitioner,                       Case No. 2:07-cv-846

                              :        Chief Judge Sandra S. Beckwith

     -vs-                           Chief Magistrate Judge Michael R. Merz

MARC HOUK, Warden,

                                 :

         Respondent.

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO HOLD IN ABEYANCE

---

This capital habeas corpus case is before the Court on Petitioner's Motion to Hold his Petition for Writ of Habeas Corpus in Abeyance Pending Exhaustion of Appellate Ineffectiveness Issues (Doc. No. 12). Respondent opposes the Motion (Doc. No. 15) and Petitioner has filed a Reply Memorandum in Support (Doc. No. 17). A motion to stay is a pretrial matter on which a magistrate judge has authority to rule. 28 U.S.C. § 636(b).

The United States Supreme Court recently found that district courts have authority to grant stays in habeas corpus cases to permit exhaustion of state court remedies in consideration of the AEDPA's preference for state court initial resolution of claims. It cautioned, however,

> [S]tay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to

> grant him a stay when his unexhausted claims are plainly meritless. Cf. 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). . . .
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

*Rhines v. Weber*, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005). It also directed district courts to place reasonable time limits on the petitioner's trip to state court and back. The Court thus endorsed the approach this Court had been following under *Palmer v. Carlton*, 276 F. 3rd 377 (6th Cir. 2002), and *Hill v. Anderson*, 300 F.3d 679, 683 (6th Cir. 2002).

In order to present his unexhausted claims of ineffective assistance of appellate counsel, Petitioner must apply to the Ohio Supreme Court to reopen his direct appeal in this case under Ohio Sup. Ct. R. XI(6). As promised in the Motion, Petitioner actually did so on September 24, 2007 (See attachment to Doc. No. 17).

Petitioner faces two major procedural hurdles in obtaining Ohio Supreme Court consideration of his claim on the merits. First of all, Ohio S. Ct. R. XI(6)(A) requires that an application must be filed within ninety days of final judgment in the Supreme Court or show good cause for the delay; Petitioner's direct appeal was decided in January, 2006, more than eighteen months before he filed his instant Application for Reopening. Secondly, the Ohio Supreme Court has by case law limited capital petitioners to one such application for reopening. *State v. Cooey*, 99 Ohio St. 3d 345 (2003).

Petitioner asserts his good cause for delay is that he was represented in state post-conviction

-2-

proceedings by the Ohio Public Defender, the office which also represented him on direct appeal. Petitioner theorizes that a conflict of interest prevented the post-conviction attorneys from asserting the ineffectiveness of their colleagues.[1] In opposing a stay, Respondent asserts the Ohio Supreme Court will not accept this excuse because of the "high reputation of the Ohio Public Defender's Office as the foremost zealous advocates against enforcement of the death penalty in Ohio."

This Court declines to speculate what the Ohio Supreme Court will decide about good cause. That is a question of state law which the Ohio Supreme Court will have to decide in this case in any event because the Application for Reopening has been filed with them. As a matter of comity to the Ohio Supreme Court, this Court will allow it to act first.

The Court also declines to speculate about whether the Ohio Supreme Court will follow *Cooey* and deny the Application for Reopening because it is a second such application. *Cooey* is not directly in point because it interprets Ohio R. App. P. 26(B). While Ohio S. Ct. R. XI is parallel to 26(B) and was adopted at virtually the same time to deal with the problem addressed in *State v. Murnahan*, 63 Ohio St. 3d 60, 584 N.E. 2d 1204 (1992), the Ohio Supreme Court, as a court of last resort, is not bound by its own precedent in the same way as lower courts are. "[I]n Ohio, a prior decision of the Supreme Court may be overruled where (1) the decision was wrongly decided at that time, or changes in circumstances no longer justify continued adherence to the decision, (2) the decisions defies practical workability, and (3) abandoning the precedent would not create an undue hardship for those who have relied upon it." *Westfield Ins. Co. v. Galatis*, 100 Ohio St. 3d 216, 228 (2003). While an overruling or distinguishing of *Cooey* seems unlikely, again, that is a question of

---

[1]Respondent notes that different counsel performed the post-conviction and direct appeal work.

state law on which this Court should and will defer to the Ohio Supreme Court.

The Warden has not waived his lack of exhaustion defense, which must be done explicitly under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA").  Thus Petitioner really had no choice but to attempt to present these claims to the Ohio Supreme Court, other than abandoning them or facing a procedural default defense.  This Court offers no opinion at this point on the strength of the underlying claims, but the notion that an Ohio Court of Claims judgment could collaterally estop the State in an aggravated murder case is both novel and was pursued at trial, suggesting this Court should consider it on the merits if it is permissible to do so.

Neither party discusses precisely what relief is involved in holding the Petition in abeyance in a case such as this.  In a situation where extensive fact development and several levels of appeal in the state court system are contemplated, it comports with judicial economy to stop the processing of a habeas case while the state courts proceed.  But there is no need to do that in this case.  The purpose of holding the habeas petition in abeyance is to allow the Ohio Supreme Court to rule on the questions presented to it before this Court reaches those questions.  Because the Ohio Supreme Court, given its record in such matters, is likely to act quickly, there is no need to interrupt the planned litigation of this case to await that decision.  All of Petitioner's legitimate interests in obtaining a state court decision, as well as the State's interests in having those questions decided in the first instance by its courts, can probably be accommodated without amending this Court's Scheduling Order.  On the other hand, stopping everything in this Court pending an Ohio Supreme Court decision would grant the Petitioner delay for delay's sake, something to which he is not entitled and which the Supreme Court counseled against in *Rhines*.

Accordingly, Petitioner's Motion to Hold in Abeyance is GRANTED to the extent that this Court will not rule on any of the claims Petitioner is attempting to exhaust in the Ohio Supreme Court until that court reaches a decision.  On the other hand, to the extent the instant Motion might be interpreted to seek a delay of all further processing of this case pending the Ohio Supreme Court's decision, it is DENIED.

September 29, 2007.

s/ **Michael R. Merz**
Chief United States Magistrate Judge