**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

GERALD HAND,

      Petitioner,    :    Case No. 2:07-cv-846

                               :    Chief Judge Sandra S. Beckwith
  -vs-                                    Chief Magistrate Judge Michael R. Merz

MARC HOUK, Warden,

                               :

      Respondent.

**REPORT AND RECOMMENDATIONS**

      As part of his Answer in this case, Respondent moved the Court to dismiss the Petition under Fed. R. Civ. P. 12(b)(6) and Rule 2(c) of the Rules Governing § 2254 Cases ("Habeas Rules") for failure to state a claim upon which relief can be granted (Answer, Doc. No. 28/29 at 48-51). Petitioner has opposed the Motion in his Reply (Doc. No. 32).

      The Federal Rules of Civil Procedure apply to habeas corpus cases "to the extent that they are not inconsistent with any statutory provisions or these rules. . . ." Habeas Rule 11.

      Respondent asserts that the Supreme Court has adopted a more demanding pleading rule for habeas corpus cases than for ordinary civil cases, citing *Mayle v. Felix*, 545 U.S. 644 (2005). In that case the Court opined

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). Habeas Corpus Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts

> supporting each ground." See also Advisory Committee's Note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts. [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on Habeas Corpus Rule 4, 28 U.S.C., p. 471 ("'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)). Accordingly, the model form available to aid prisoners in filing their habeas petitions instructs in boldface: "CAUTION: You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date." Petition for Relief From a Conviction or Sentence By a Person in State Custody, Habeas Corpus Rules, Forms App., 28 U.S.C.A., P. 685 (2000ed. Supp.) (emphasis in original).
>
> A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243. Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court," the court must summarily dismiss the petition without ordering a responsive pleading. If the court orders the State to file an answer, that pleading must "address the allegations in the petition." Rule 5(b).

*Id.* at 655-656.  From Respondent's citation of *Mayle*, one would assume that Respondent was complaining of a failure to plead facts in the Petition, since the quoted excerpt from *Mayle* above relates to pleading facts.  Instead, Respondent complains of Petitioner's failure to

> specifically plead and articulate two key facts: (1) that the state courts reviewed the petitioner's claims and adjudicated the claims on the merits; and (2) that the state courts [sic] adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

(Answer, Doc. No. 28/29, at 50).

-2-

The Court agrees with Respondent that, for any constitutional claim which the state courts decided on the merits, Petitioner must show that the state court decision is not entitled to deference under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA") in one of the particular ways Respondent mentions. However, those items are not "facts," but conclusions of law or mixed fact and law conclusions. The Petition herein is far more than a set of conclusory assertions that certain of Petitioner's constitutional rights were violated. Instead, Petitioner sets forth in the Petition itself a detailed set of claims. To the extent that the Petition fails to provide Respondent with the notice he needs to adequately litigate the case, Petitioner has also filed a lengthy Reply to the Answer and the Court has expressly allowed, on Respondent's request, a surreply to the Reply. If further clarification of Petitioner's contentions is required, the Court would be prepared to allow a set of contention interrogatories. However, it appears the function Respondent's Motion envisions for the Petition standing alone will be best served by considering all the pleadings and any briefing by the parties after any factual development.

The vast majority of habeas corpus cases filed in this Court are filed *pro se* by petitioners unlearned in the law. The language quoted by the Supreme Court in *Mayle* from the Advisory Committee notes and the standard prepared form for habeas petitions is largely intended to deal with that situation – telling a petitioner that he cannot file a petition which merely asserts "I was deprived of due process and a fair trial." In part, the function of pleading "supporting facts" in the *pro se* petition is, as the Supreme Court notes, to permit courts to perform their initial screening function under Habeas Rule 4 of determining whether an answer should be required at all. The Rule 4 determination has, of course, already been formally made in this case (See Scheduling Order, Doc.

No. 13).

Finally, Fed. R. Civ. P. 12(b) requires that a motion under that Rule be made "before pleading if a responsive pleading is allowed." The Rule does not envision that a motion to dismiss will be combined with an answer.

For all of these reasons, Respondent's Motion to Dismiss should be denied.

July 21, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).