# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GERALD HAND,

    Petitioner,

   -vs-

MARC HOUK, Warden,

    Respondent.

:

:

:

Case No. 2:07-cv-846

District Judge Sandra S. Beckwith
Magistrate Judge Michael R. Merz

---

## DECISION AND ORDER GRANTING IN PART AND DENYING IN PART PETITIONER'S MOTION TO EXPAND THE RECORD OR, IN THE ALTERNATIVE, FOR AN EVIDENTIARY HEARING AND LIMITING USE OF THE AFFIDAVIT OF ELJORN DON NELSON

---

This capital habeas corpus case is before the Court on Petitioner's Motion for an Evidentiary Hearing Discovery (Doc. No. 62) and Respondent's Motion to Strike the Affidavit of Eljorn Don Nelson (Doc. No. 63). Additional briefing on these two Motions is found at (Doc. Nos. 65, 67, 68.)

### Expansion of the Record

Initially, Respondent "has no objection to this Court considering [Doc. Nos. 55, 56, 57, 58, 59, 60, and 61], provided these documents are received solely for the purpose of determining whether an evidentiary hearing would be appropriate in this case." (Doc. No. 65 at 2.) The documents in question are the Nelson Affidavits and transcripts of the depositions of Terry Sherman, Richard Cline, Debra Gorrell Wehrle, Stephen Ferrell, and Pamela J. Prude-Smithers. Respondent

-1-

having no objection, the record is expanded to include these seven items for at least the purpose of deciding whether to hold an evidentiary hearing.

Petitioner further requests that these seven items be considered by this Court on the merits of his habeas corpus petition as an alternative to an evidentiary hearing, relying on the commentary to Habeas Rule 7 and *Jamison v. Collins*, 291 F.3d 380, 387 (6th Cir. 2002). The 1976 commentary from the Rules Advisory Committee upon initial adoption of the Rules Governing § 2254 Cases do indeed suggest that sometimes the record can be expanded with the materials listed in Rule 7(b) in a way which will avoid the necessity of an evidentiary hearing. These Rules were, of course, adopted after the Supreme Court had invalidated all capital punishment in the country in *Furman v. Georgia,* 408 U.S. 238 (1972), and before States began reenacting the death penalty in response to *Gregg v. Georgia*, 428 U.S. 153 (1976). Thus it seems unlikely that the Advisory Committee had capital cases in mind since the description of the habeas caseload in the Notes does not mention any issues which might be peculiar to capital litigation. The Committee does quote from *Raines v. United States*, 423 F. 2d 526, 539-530 (4th Cir. 1970): "When the issue is one of credibility, resolution on the basis of affidavits can rarely be conclusive, but that is not to say they may not be helpful."

*Jamison* is a capital case, but it does not stand for the proposition for which Respondent cites it. In *Jamison*, the district court had already held an evidentiary hearing when the State moved to expand the record to add documents. Judge Boggs quoted from the Advisory Committee commentary on the purpose of expansion of the record, but the purpose did not apply in any way to avoid an evidentiary hearing in that case. 291 F.3d at 387.

In a capital case, this Court is very reluctant to substitute a paper record, either deposition

transcript or affidavits, for live testimony, especially over Respondent's objection. Fed. R. Evid. 1101(e) excepts from the Federal Rules of Evidence habeas corpus proceedings "to the extent that matters of evidence are . . . provided for in the statutes which govern procedure therein or in other rules prescribed by the Supreme Court pursuant to statutory authority: . . . " Presumably, that means Habeas Rule 7 permits admission of depositions and affidavits despite evidence rules against hearsay.[1] Nevertheless, the Habeas Rules do not create a presumption in favor of "paper" proof and the general preference for live testimony is well established in Anglo-American jurisprudence. 5 J. Wigmore, Evidence § 1364 (Chadbourn Revision 1974); Ohio v. Roberts, 448 U.S. 56, 62-64 (1980); California v. Green, 399 U.S. 149, 157 (1970); *Crawford v. Washington*, 541 U.S. 36 (2004); *Melendez-Diaz v. Massachusetts*, 557 U.S. ___, 129 S. Ct. 2527 (2009).

The Court acknowledges that there is authority for expanding the record in place of live testimony and that there may even be occasions when doing so in a capital case is appropriate, e.g., for addition of admittedly authentic documents without testimony from a custodian[2]. Here, however, Petitioner suggests presenting his entire evidentiary case in this manner. The Court certainly has discretion to insist that critical evidence be given live. Therefore, to the extent Petitioner requests expansion of the record to include these seven items of evidence in lieu of an evidentiary hearing, the Motion is denied.

---

[1] Habeas Rule 7 does not mention depositions, but sworn deposition testimony which has been subjected to cross-examination is presumably more reliable than affidavit testimony, which has not. A fortiori, if affidavits can be considered, depositions can also be admitted under Rule 7.

[2] Respondent's argument that the fruits of habeas discovery can only be used to determine whether an evidentiary hearing is needed is not supported by the text of the Rules.

## Evidentiary Hearing

As an alternative to the requested expansion of the record, Petitioner requests an evidentiary hearing at which all seven of the witnesses whose testimony was offered on paper would testify live. Respondent argues that the Court should deny the request for evidentiary hearing in its entirety.

In the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), Congress significantly cabined the discretion of federal habeas courts to grant evidentiary hearings. 28 U.S.C. §2254(e) as adopted by the AEDPA provides:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that
> (A) the claim relies on
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

Under §2254(e)(1), a state court's findings of fact are presumed correct and may be rebutted by the petitioner only by clear and convincing evidence to the contrary. *Mitchell v. Mason,* 325 F.3d 732,

737-38 (6th Cir. 2003); *Warren v. Smith,* 161 F.3d 358, 360-61 (6th Cir. 1998).

While Congress has limited our discretion to grant evidentiary hearings, the basic pre-AEDPA standard of abuse of discretion has not changed:

> Prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, the decision to grant an evidentiary hearing was generally left to the sound discretion of district courts. *Brown v. Allen*, 344 U.S. 443, 463-464, 73 S. Ct. 397, 97 L. Ed. 469 (1953); see also *Townsend v. Sain,* 372 U.S. 293, 313, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). That basic rule has not changed. See 28 U.S.C. § 2254, Rule 8(a) ("The judge must review the answer [and] any transcripts and records of state-court proceedings . . . to determine whether an evidentiary hearing is warranted").

*Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

Because of the deferential standard in §2254(d)(1) and other limitations on granting the writ in the AEDPA, "if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." *Id.* at 844. "If the district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts." *Id.*

The Sixth Circuit recently summarized the controlling law as follows:

> Section 2254(e)(2) sets forth certain preconditions to obtaining an evidentiary hearing in a habeas proceeding where a petitioner has "failed to develop the factual basis of a claim in State court proceedings." The Supreme Court has held that "failed" within the meaning of § 2254(e)(2) refers to "a lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432, 120 S. Ct. 1479, 146 L. Ed. 2d 435 (2000).
>
> [Even if a petitioner] overcomes the initial statutory hurdle to obtaining a hearing, "the fact that [a petitioner] is not disqualified from receiving an evidentiary hearing under § 2254(e)(2) does not

-5-

> entitle him to one." *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003). The Supreme Court recently explained that, "[i]n deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940, 167 L. Ed. 2d 836 (2007); see also *Bowling*, 344 F.3d at 512 (determining that the district court's denial of an evidentiary hearing did not amount to an abuse of discretion after examining the following factors: whether the petitioner "alleges sufficient grounds for release," whether "relevant facts are in dispute," and whether the "state courts . . . h[e]ld a full and fair evidentiary hearing"). Furthermore, "[b]ecause the deferential standards prescribed by § 2254 control whether to grant habeas relief, a federal court must take into account those standards in deciding whether an evidentiary hearing is appropriate." *Schriro*, 127 S. Ct. at 1940.

*Getsy v. Mitchell*, 495 F.3d 295, 310-311 (6th Cir. 2007)(*en banc*).

Petitioner seeks to present evidence on Grounds IV, V, and XI which allege ineffective assistance of trial counsel in both the guilt and penalty phases of the trial and on direct appeal. Respondent says nothing in opposition to calling the appellate counsel because Respondent's counsel misread the Motion as not seeking to present evidence from them. (Memorandum in Opposition, Doc. No. 65, at 7, n. 1.)

As to guilt phase ineffectiveness, Respondent alleges that sub-claims i, ii, iii, and iv are procedurally defaulted. However, this Court has neither made nor been asked to make a final determination on the affirmative defense of procedural default on these or any other claims. Testimony will not be precluded on that basis.

In the Motion, Petitioner states he wishes to present testimony as to three sub-claims of ineffective assistance of trial counsel at the guilt phase, specifically

> his attorneys' failure to, inter alia: 1) question and excuse jurors who were ultimately seated on the jury but expressed predetermined

>notions of guilt or other reservations in their questionnaires (Petition, pp. 22-23, 25), 2) act upon Hand's report of an escape attempt at the Delaware County Jail (Id., pp. 24-25), and 3) present evidence of self-defense at preliminary hearings to determine the admissibility of voluminous unreliable hearsay statements (Id., pp. 27-28).

(Motion, Doc. No. 62, at 6.) Unhelpfully, Respondent comments on eleven ineffective assistance of trial counsel sub-claims. The Court concludes that the intended testimony is potentially relevant to and may be helpful in deciding claims in the Petition which on their face state claims of constitutional violations. Moreover, Respondent has not shown any lack of diligence by Petitioner in developing and presenting this evidence in the state courts. Petitioner asserts he sought discovery in post-conviction relief and presents the entry from the Common Pleas Court denying any discovery. Respondent (Exhibit to Doc. No. 62.)

As to the claims of ineffective assistance of trial counsel at the mitigation phase and ineffective assistance of appellate counsel, Petitioner desires to present the testimony of his trial and appellate attorneys, his mitigation specialist, and Dr. Nelson. Respondent's argument is essentially that the Court can determine this claim is without merit on the record presently before it. As with ineffective assistance of trial counsel at the guilt phase, the intended testimony may be helpful in deciding what is, on its face, a valid constitutional claim and Respondent does not assert lack of diligence in presenting this evidence to the state courts, except with respect to Dr. Nelson.

With respect to Dr. Nelson, Petitioner offers as an excuse for failing to present this evidence in state court the fact that he was denied discovery (Memorandum in Opposition to Motion to Strike, Doc. No. 67 at 4) and Respondent makes no response.[3] As with other claims asserted to be

---

[3]Respondent filed no reply memorandum in support of the Motion to Strike and does not respond to this particular point in his Memorandum in Opposition to the Motion for Evidentiary Hearing.

procedurally defaulted, the Court has made no final determination on this defense and declines to exclude Dr. Nelson on that basis. Respondent is correct that Dr. Nelson's opinion on what trial counsel should have done with information of the sort he would have given them cannot be conclusive on that point; presumably cross-examination will clarify the bounds of his competence. Whether testimony of the sort he is offered to provide would have been admissible at trial is also not conclusive; expert advice to counsel, rather than testimony, could potentially have been useful to Petitioner. Whether it was ultimately ineffective assistance of trial counsel to fail to seek access to such advice is an ultimate question for the Court.

In accordance with the foregoing opinion, the Motion to Expand the record to include the seven tendered items of evidence is granted insofar as those items have been considered in support of the alternative motion for evidentiary hearing, but otherwise denied. The alternative motion for evidentiary hearing is granted. The Motion to Strike is denied. Counsel shall consult with one another and Judicial Assistant Kelly Kopf to select a time for the hearing. Petitioner's counsel must separately file a motion for writ of habeas corpus ad testificandum to obtain Petitioner's presence for the hearing.

September 3, 2009.

s/ **Michael R. Merz**
United States Magistrate Judge