# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GERALD HAND,                          :

                                                               Case No. 2:07-cv-846

        Petitioner,

       -vs-                                District Judge Sandra A. Beckwith
                                                 Magistrate Judge Michael R. Merz

MARC HOUK, Warden,

        Respondent.                :

---

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS ON MOTION FOR RECONSIDERATION

---

       This capital habeas corpus case is before the Court on Petitioner's Objections (Doc. No. 129) to the Magistrate Judge's Report and Recommendations on Petitioner's Motion to Amend (Doc. No. 127). The Warden has filed a Response to the Objections (Doc. No. 130) and Judge Beckwith has recommitted the matter for reconsideration in light of the Objections (Doc. No. 131).

**Claimed Error One, Branch One:  Confrontation Clause Claim Regarding Statements of the Victim**

       Hand asserted that it was clear error for the Court to characterize the statements of Lonnie Welch as non-testimonial. The Report found no clear error (Report, Doc. No. 127, PageID 2978-81).  In his Objections, Hand disagrees (Doc. No. 129, PageID 3012-14).  Having

reviewed the Objections, the Magistrate Judge concludes no further analysis is needed on this point.

**Claimed Error One, Branch Two:  Fair Presentation of Due Process Claim to Ohio Supreme Court**

Hand asserted that it was clear error for this Court to find that he had not fairly presented a federal Due Process claim to the Ohio Supreme Court relating to the admission of Welch's statements.  The Report concluded there was no clear error, citing six decisions of the Sixth Circuit discussing fair presentation (Report, Doc. No. 127, PageID 2983).  Hand objects and argues "[t]he Court should address the case law cited by Hand which permits a petitioner to exhaust a federal claim by citing to a constitutional provision and should conclude that Hand in fact preserved a federal due process claim in state court." (Objections, Doc. No. 129, PageID 3015.)  However, in the Objections, Hand's counsel does not repeat those citations or even give the place in the record where the citations were made before.  As noted in the Report, Hand also cited no case authority in the Motion itself in support of this claimed error.

The sole case cited in the Objections is *Houston v. Waller,* 420 Fed. Appx. 501 (6th Cir. 2009).[1]  There the Sixth Circuit upheld a district court's grant of habeas as against a failure to fairly present defense.  It held:

> Houston did allege facts well within the mainstream of a *Brady* claim, and he phrased his claim in terms sufficiently particular to a *Brady* claim. Houston presented a claim to the Court of Criminal Appeals of Tennessee regarding "impeachment evidence" that was "newly discovered," i.e., undisclosed, regarding a state witness. [8] He explained why the evidence was material and favorable to Houston, and that Howell's centrality to Houston's case was such that he was likely prejudiced by the failure to disclose the information such that "a different result must necessarily follow."

---

[1] *Houston* was actually decided in 2011.

> Houston also made the point that not having the evidence of Howell's cocaine use during trial deprived him of "an opportunity to question Agent Howell with regard to his wrong doings which may have been related to matters involving the petitioner's case." Thus Houston claimed that he was denied the opportunity to cross-examine a crucial government witness, who was also a government agent, regarding the credibility of his testimony because he was unaware at trial of the government agent's wrongdoing, and that because of the centrality of the government agent's testimony, a different result must follow.

420 Fed. Appx. at 513. The "phrasing the claim in terms sufficiently particular to allege a denial of a specific constitutional right" and "facts well within the mainstream of a federal constitutional claim" tests were adopted by the Sixth Circuit in *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987), from the Second Circuit's decision in *Daye v. Attorney General*, 696 F.2d 186 (2nd Cir. 1982)(en banc). The Sixth Circuit also held Houston fairly presented his federal claim by his citations to federal authority in the relevant state court brief, another test adopted in *Franklin, supra*. 420 Fed. Appx. at 515.

*Houston* itself is not controlling precedent because the Sixth Circuit designated it as "unpublished." However, it states no new principles for determining fair presentation. Hand's counsel do not bother to argue how it is that Hand's presentation fits either *Houston* or the published precedent it relied on. As Judge Beckwith found in her Order, the only explicit references to the United States Constitution in Hand's Ohio Supreme Court brief were to the Confrontation Clause and not to any relevant precedent directly under the Due Process Clause apart from its incorporation of the Confrontation Clause (Order, Doc. No. 118, PageID 2828-30).

Hand has still not shown clear error in the Court's disposition of the Due Process portion of his First Claim for Relief.

**Claimed Error Two:  Fair Presentation of, and Prejudice from, Prior Acts Evidence**

In the Motion, Hand claimed this Court committed clear error of law in holding (1) that his prior acts evidence claim was not fairly presented to the Ohio courts as a constitutional claim, and (2) that admission of that evidence did not prejudice the outcome of the trial (Motion, Doc. No. 121, PageID 2956-2957).  The Magistrate Judge concluded there was no clear error in these rulings and recommended this part of the Motion be denied (Report, Doc. No. 127, PageID 2983-88).

Hand objects to both conclusions (Objections, Doc. No. 129, PageID 3015-16).  In the Report, the Magistrate Judge noted that Hand had "fail[ed] to present or even cite those portions of the state court record where he claims he made the fair presentation."  (Report, Doc. No. 127, PageID 2987.)  Hand responds "[b]ut Hand did in fact reference his state court appellate brief, which cited the Fourteenth Amendment."  (Objections, Doc. No. 129, PageID 3015.)  Where? Hand's Merit Brief on Appeal begins in the digitized record at PageID 5420.  Proposition of Law No. 2 reads:

> The introduction and admission of prejudicial and improper character and other acts evidence and the failure of the trial court to properly limit the use of the other acts evidence denied Gerald Hand his rights to a fair trial, due process and a reliable determination of his guilt and sentence as guaranteed by the United States Constitution, Amends. V, VI, VIII AND XIV; Ohio Const. Art. I, § § 10 and 16.

*Id.* at PageID 5421.  This Proposition of Law is argued from PageID 5454 to PageID 5460. Hand makes ten citations to case law, all of them being Ohio, not federal, cases.  One federal case, *Chapman v. California*, 386 U.S. 18 (1967) is cited for the proposition that error must be harmless beyond a reasonable doubt, a proposition having nothing to do with any due process

4

violation from admission of prior bad acts evidence.[2] The argument is made in terms of Ohio R. Evid. 404(B) and Ohio Revised Code § 2945.59, Ohio law regulating other acts evidence. The only mention made of the federal Constitution is in the concluding paragraph of this section of the Brief: "The improper admission of "other acts" evidence in the present case destroyed the presumption of innocence that should have been accorded to Hand and denied him his right to a fair trial in violation of the Due Process Clause of the Fourteenth Amendment." *Id.* at PageID 5460.

A Fourteenth Amendment Due Process claim is not fairly presented merely by reciting the words "fair trial" or "due process" or, even more generally, "Fourteenth Amendment." Merely using talismanic constitutional phrases like "fair trial" or "due process of law" does not constitute raising a federal constitutional issue. *Slaughter v. Parker,* 450 F.3d 224, 236 (6th Cir. 2006); *Franklin v. Rose,* 811 F.2d 322, 326 (6th Cir. 1987); *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000), *citing Petrucelli v. Coombe*, 735 F.2d 684, 688-89 (2nd Cir. 1984). Mere use of the words "due process and a fair trial by an impartial jury" are insufficient. *Slaughter v. Parker*, 450 F.3d 224, 236 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004)(same). "A lawyer need not develop a constitutional argument at length, but he must make one; the words 'due process' are not an argument." *Riggins v. McGinnis*, 50 F.3d 492, 494 (7th Cir. 1995).

Hand has not shown he made any argument – as opposed to ritual incantation – of a Due Process claim in his Merit Brief to the Ohio Supreme Court. Alternatively, if fair presentation were found, no constitutional violation was shown because "[t]here is no clearly established

---

[2] And *Chapman* did not, at the time it was cited, state the standard for harmlessness. Constitutional error in a habeas case is not required to be harmless beyond a reasonable doubt. Rather, error is harmless if the habeas court is satisfied it did not have a substantial and injurious effect or influence in determining the verdict. *Brecht v. Abrahamson*, 507 U.S. 619 (1993), adopting standard from *Kotteakos v. United States*, 328 U.S. 750 (1946).

Supreme Court precedent which holds that a state violates due process by permitting propensity evidence in the form of other bad acts evidence." *Bugh v. Mitchell,* 329 F.3d 496, 512 (6th Cir. 2003). Claimed Error Two is without merit.

**Claimed Error Three: Ineffective Assistance of Trial Counsel at the Guilt Phase**

In his Fourth Ground for Relief, Hand claimed his trial attorney was ineffective for failing to object that testimony from Hand's bankruptcy attorney should have been excluded on an attorney-client communication privilege basis. Judge Beckwith held this claim was procedurally defaulted under Ohio's criminal *res judicata* rule because it could have been raised on direct appeal and was not (Order, Doc. No. 118, PageID 2843). Failure to do so was not excused by the "same attorney/same firm" exception because Hand had new counsel on appeal. *Id.* Hand attempted to excuse the default of this claim on direct appeal by claiming that his earliest opportunity to raise the claim of ineffective assistance of appellate counsel as excusing cause was when he filed his application to reopen his direct appeal, the theory being, again, that attorneys in the same firm cannot be expected to raise claims of the ineffectiveness of their colleagues. But in this case that is exactly what happened: the Application for Reopening to raise claims of ineffective assistance of appellate counsel was filed by Susan M. Roche and Veronica N. Bennu, both Assistant Ohio Public Defenders, the same "firm" that represented Hand on direct appeal (Digitized Record, Doc. No. 133-9, PageID 6215, *et seq*.) However, as Judge Beckwith noted, the Ohio Supreme Court rejected that Motion because it was untimely filed (Order, Doc. No. 118). There is no clear error in finding this sub-claim procedurally defaulted.

In the same Fourth Ground for Relief, Hand claimed his trial attorneys were ineffective in failing to adequately voir dire Jurors Ray and Finnamore about their exposure to pretrial publicity. Judge Beckwith rejected this claim (Order, Doc. No. 118, PageID 2846-53). No further analysis is required of this claimed error which is without merit.

**Claimed Error Four:  Ineffective Assistance of Counsel at the Sentencing Phase**

In his Fifth Ground for Relief, Hand asserted ineffective assistance of trial counsel for failure to present testimony from the defense psychologist and failing to show how the medications he was taking would have affected his display of emotions. Judge Beckwith adopted the Magistrate Judge's conclusion that these claims were barred by procedural default (Order, Doc. No. 118, PageID 2878). Assuming arguendo the default was excused, she also found no prejudice from omission of this testimony. *Id.* at 2879-81. 2884-85. The Magistrate Judge concluded no clear error had been demonstrated in these rulings (Report, Doc. No. 127, PageID 3000-05).

Hand objects that, before finding procedural defaults, the Court was required to consider whether excusing cause and prejudice had been shown for the defaults. (Objections, Doc. No. 129, PageID 3019), *citing Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). However, Hand points to no place in the record where he claimed it was ineffective assistance of appellate counsel to fail to raise these claims on direct appeal. A court considering a motion to amend or reconsider is not bound to search the record itself for arguments not cited by counsel. Particularly regarding the claim relating to medication, Hand has pointed to no place in the record at any stage of these proceedings where any expert witness has been tendered who would

have been willing to give the testimony about the supposed effect of these medications. The content of any such supposed testimony is purely speculative. No clear error has been shown in Judge Beckwith's rejection of these claims.

**Claim of Manifest Injustice**

At the end of his Motion to Amend, Hand claimed that "it is manifestly unjust to impose a death sentence based solely on the thirty-year[-]old recollections of biased individuals and a discrete statement allegedly made by Hand to a jailhouse informant." (Motion, Doc. No. 121, PageID 2960-61.) The Magistrate Judge recommended denying this claim because there is absolutely no federal case authority for granting habeas corpus based on a belief by a federal judge that the underlying sentence of death is "manifestly unjust." The closest the Supreme Court has come is in suggesting without holding that execution of an actually innocent defendant would offend the Constitution. *Herrera v Collins,* 506 U.S. 390, 417 (1993); *House v. Bell*, 547 U.S. 518 (2006).

Hand objects, but the authority he cites is inapposite. *United States v. Moored*, 38 F.3d 1419 (6th Cir. 1994),[3] *Jones v. Gibbs*, 21 Fed. Appx. 322 (6th Cir. 2001), and *GenCorp., Inc., v. Am. Int'l Underwriters*, 178 F.3d 804 (6th Cir. 1999), all recognize the authority of a federal court to grant a Rule 59 motion if its own judgment works a manifest injustice. But that is not what Hand is claiming. He says the manifest injustice occurred when the death sentence was imposed based on stale hearsay and a jailhouse informant's testimony. This Court did not impose the capital sentence in this case. Rather, it concluded that the capital sentence was not

---

[3] Despite being advised in the Report of the correct page citation for this case, Hand's counsel repeat the miscitation to page 1319 in their Objections. (See Report, Doc. No. 127, PageID 3005, note 5, and Objections, Doc. No. 129, PageID 3020.)

unconstitutionally imposed by the State of Ohio. No precedent of the United States Supreme Court, clearly established or otherwise, holds that it is unconstitutional for a State to impose a manifestly unjust capital sentence. Our habeas corpus jurisdiction does not license us to correct "manifestly unjust" sentences, only unconstitutional convictions.

**Conclusion**

It is again respectfully recommended that the Motion to Amend be denied.

October 16, 2013.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).