# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GERALD HAND,  :

        Petitioner,  :

    -vs-  :

          :

MARC HOUK, Warden,

          :

        Respondent.  :

Case No. 2:07-cv-846

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion for Authorization to Appear in State Court Proceedings (ECF No. 170). Respondent opposes the Motion (ECF No. 173) and Petitioner has filed a Reply in support (ECF No. 174).

This is a post-judgment motion which is deemed referred to the assigned Magistrate Judge under 28 U.S.C. § 636(b)(3), and therefore requires a report and recommendations, rather than a decision in the first instance. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853 (5th Cir. 1991).

Petitioner seeks to have the Federal Public Defender represent him in litigating a motion for relief, under Ohio R. Civ. P. 60(B), from the May 27, 2005, judgment of the Delaware County, Ohio Court of Common Pleas dismissing his petition for post-conviction relief.

1

**Procedural History**

Petitioner Gerald Hand was indicted for the January 2002 murder of his fourth wife, Jill Hand, and his co-conspirator in her murder, Lonnie Welch. His jury conviction and death sentence were upheld by the Ohio Supreme Court on direct appeal. *State v. Hand*, 107 Ohio St. 3d 378, 2006-Ohio-18. He filed his habeas corpus Petition in this Court August 22, 2007 (ECF No. 11).

In the meantime, Hand had filed a petition for post-conviction relief, which the trial court dismissed on May 27, 2005; the state appellate court affirmed that dismissal. *State v. Hand,* 5th Dist. Delaware No. 05CAA060040, 2006-Ohio-2028 (Apr. 21, 2006). Both the Supreme Court of Ohio and the United States Supreme Court denied review. *State v. Hand*, 110 Ohio St. 3d 1468 (2006); *Hand v. Ohio,* 549 U.S. 1217 (2007).

Following discovery and an evidentiary hearing, the undersigned recommended dismissal of the habeas petition April 25, 2011 (ECF No. 101). That recommendation was adopted by District Judge Sandra Beckwith, to whom the case was then assigned[1] (ECF No. 118). The U.S. Court of Appeals for the Sixth Circuit affirmed that decision on appeal. *Hand v. Houk,* 871 F.3d 390 (6th Cir. 2017). The United States Supreme Court denied certiorari in April of this year. *Hand v. Shoop*, 138 S. Ct. 1593 (2018). The instant Motion followed at the end of August.

# Analysis

---

[1] After Judge Beckwith's retirement from active service, the case was reassigned to District Judge Michael Watson (ECF No. 171).

Counsel were originally appointed in this case under 21 U.S.C. § 848(q)(4)(B) (ECF No. 2). That statute has now been replaced by 18 U.S.C. § 3599, which provides as to scope of representation:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

18 U.S.C. § 3599(e). The parties agree that correct decision of the instant Motion depends on correct interpretation of that statute.

Published authority interpreting the statute is sparse, but a clear holding of the Sixth Circuit is that a District Court may not authorize representation by federal counsel in a state court proceeding if a petitioner is entitled to appointment by the state courts in such a proceeding. *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2011). Hand asserts he is "unaware of any authority that provides him with a right to state-appointed counsel in filing a Rule 60(B) motion." (ECF No. 170, PageID 16342). Respondent also cites no authority for such an appointment, so the holding in *Irick* is not a bar to granting the Motion.

Respondent correctly notes that the sole Supreme Court case to interpret this statute recognized that it was not limited to federal proceedings, but extended to state clemency proceedings where the state courts would not appoint counsel. *Harbison v. Bell*, 556 U.S. 180 (2009). In relevant dictum, Justice Stevens wrote:

> The Government likewise argues that our reading of § 3599(e) would require federally funded counsel to represent her client in any state habeas proceeding occurring after her appointment because such proceedings are also "available post-conviction process." But as we have previously noted, subsection (e) authorizes counsel to represent her client in "subsequent" stages of available judicial proceedings. State habeas is not a stage "subsequent" to federal habeas. Just the opposite: Petitioners must exhaust their claims in state court before seeking federal habeas relief. See § 2254(b)(1). That state postconviction litigation sometimes follows the initiation of federal habeas because a petitioner has failed to exhaust does not change the order of proceedings contemplated by the statute.

*Id.* at 189-90.

Hand's intended Rule 60(B) motion does not raise an unexhausted claim, but one the state courts and this Court found to be procedurally defaulted. His claim is that he received ineffective assistance of trial counsel when his trial attorneys did not move for a change of venue because of prejudicial pretrial publicity and failed to use a peremptory challenge to remove a juror who expressed on her juror questionnaire the opinion that Hand was guilty. These claims were before the Fifth District Court of Appeals on appeal from dismissal of Hand's post-conviction petition. That court held:

> {¶31} A review of appellant's direct appeal indicates he specifically raised numerous claims of ineffective assistance of counsel, including: ineffective assistance of counsel during voir dire; failure to call witnesses during both the guilt and mitigation phases of trial; failure to investigate, prepare and present evidence during both phases; and failure to form a reasonable trial strategy. However, appellant asserts, without evidence gathered outside the record, there was insufficient evidence available in the record to assert the claims at issue on direct appeal. We disagree.
>
> {¶32} In the second and third claims, appellant asserts counsel was ineffective for failing to question members of the venire who demonstrated knowledge of pre-trial publicity, and failing to use all of the peremptory challenges necessary to make a valid claim a change of venue should be granted.

4

> {¶ 33} We find the claims presented were cognizable and capable of review on direct appeal. Appellant does not offer any new evidence outside the record precluding the application of *res judicata*. We note the record on direct appeal was supplemented with the jury questionnaires which appellant asserts merit review under post conviction relief herein.

*State v. Hand*, 2006-Ohio-2028. Based on those findings, the Fifth District concluded Hand's relevant claims of ineffective assistance of trial counsel were barred by Ohio's *res judicata* doctrine in criminal cases. *Id.* at ¶ 21, quoting *State v. Perry*, 10 Ohio St. 2d 175 (1967). This Court upheld that procedural default analysis, and the Sixth Circuit affirmed with an extensive discussion of the *Perry* rule and its status as an adequate and independent state ground of decision. *Hand*, 871 F.3d at 408-10, citing *State v. Perry* 10 Ohio St. 2d 175 (1967) [2].

Hand now seeks to reopen the judgment dismissing his post-conviction petition under Ohio R. Civ. P. 60(B)(2) or 60(B)(5) (*See* Proposed Rule 60(B) Motion, Exhibit A to ECF No. 170 at PageID 16351). Those two provisions read:

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons:
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59B);
>
> (5) any other reason justifying relief from the judgment.
>
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

---

[2] Hand's assertion that the Sixth Circuit declined to hear this issue (Motion, ECF No. 170-1, PageID 16350) is belied by Judge Boggs's extensive discussion of the subject in the published opinion.

The judgment sought to be reopened was entered May 27, 2005, more than thirteen years ago. Hand acknowledges the time restriction on Rule 60(B)(2) motions, but says it should be subject to equitable tolling (ECF No. 170-1, PageID 16365). However, he offers no reasonable basis on which any court could find equitable tolling for thirteen years. He claims he could not have "obtain[ed] the testimony he needed to support his claim until his case reached federal court, long after the one-year limitations period expired." *Id.* However, the transcripts of the depositions of trial attorneys Terry Sherman and Richard Cline were filed in this Court June 11, 2009 (ECF Nos. 56, 57), nine and one-half years ago. Nothing prevented him filing the 60(B) motion at that time.

Nor has he proved that he diligently sought the evidence on which he relies. While the state trial court denied him formal discovery, he has not recounted any informal efforts he made to obtain the information from trial counsel. Those attorneys continued to have a professional obligation to Hand which included a duty to turn over to later counsel in the case information helpful to the case. The fact that the information they had was eventually formalized in depositions in this Court does not prove they would not have disclosed the information upon request or executed affidavits to the same effect which could have been filed with the post-conviction petition.

Hand alternatively wishes to seek relief under Ohio R. Civ. P. 60(B)(5). A motion under that rule is required to be filed within a "reasonable" time after the basis for the motion is discovered. Hand's only explanation of why thirteen years or nine and one-half years is reasonable is his assertion that "delay in filing was reasonable because his case was being actively litigated in federal court." (ECF No. 170-1, PageID 16364). That is pure *ipse dixit.* Nothing about the pendency of the case in this Court prevented filing this 60(B) motion years ago.

Aside from unreasonable delay in filing, the second part at least of the motion is plainly without merit. As the Fifth District Court of Appeals found, the juror questionnaires were a part of the record on direct appeal. Thus, the claim that Hand received ineffective assistance of trial counsel when his attorneys did not challenge the juror who said she had decided Hand was guilty could have been raised on the direct appeal record and did not require evidence *dehors* the record.

Respondent relies on *Jackson v. Bradshaw*, No. 2:03-cv-983, 2017 U.S. Dist. LEXIS 69910 (S.D. Ohio May 8, 2017) (Smith, J.), and *Lott v. Jenkins,* No. 1:04-cv-822, 2016 U.S. Dist. LEXIS 169894 (N.D. Ohio Dec. 8, 2016) (Gwin, J.) (Memo. in Opp., ECF No.173, Page ID 16373. In both, cases the courts refused to extend an appointment under 18 U.S.C. § 3599(e) to a "new" state court proceeding. Judge Gwin, in particular, reads *Harbison* as permitting appointment only in "ongoing" habeas proceedings. 2016 U.S. Dist. LEXIS 169894, at *2-3.

This habeas proceeding, of course, has been terminated by a final judgment affirmed on appeal. Petitioner has not moved to reopen these proceedings, perhaps by a Fed. R. Civ. P. 60 motion alleging our affirmance of the state courts' *res judicata* conclusion was in error. Such a motion would be subject to analysis under *Gonzalez v. Crosby,* 545 U.S. 524 (2005), as to whether it was effectively a second or successive habeas application and would require circuit court permission to proceed if it were found to be second or successive.

Petitioner asserts the proceeding in the Common Pleas Court would not be a "new" proceeding, but rather a continuation of the prior proceeding. There is Ohio law suggesting the proposed Rule 60(B) motion would be treated by the Ohio courts as a second post-conviction petition, subjecting it to the even more stringent standards of Ohio Revised Code § 2953.23. *See State v. Schlee*, 117 Ohio St. 3d 153 (2008).

This Court need not resolve whether in every instance the habeas case must still be open

7

to allow an expansion of representation to state proceedings. *Harbison*, after all, sanctioned representation in state clemency proceedings as within the intendment of the statute. In Ohio practice, it will often be the case that clemency proceedings happen after final judgment and appeal in the habeas case.

But neither *Harbison* nor *Irick* suggests that Congress intended to authorize federal habeas counsel to file repetitive requests for state court action, particularly when those requests are as tardy as the proposed Rule 60(B) motion would be.

**Conclusion**

Hand's proposed Ohio R. Civ. P. 60(B) motion is exceptionally tardy for the reasons given above. This Court should not authorize the Capital Habeas Unit of the Federal Public Defender's Office to burden the state courts with completely meritless litigation. The Motion should therefore be denied.

November 20, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report

and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).