# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

GERALD HAND,

      Petitioner,

   -vs-

MARC HOUK, Warden,

      Respondent.

Case No. 2:07-cv-846

District Judge Michael H. Watson
Magistrate Judge Michael R. Merz

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Magistrate Judge on Petitioner Gerald Hand's Objections (ECF No. 176) to the Magistrate Judge's Report and Recommendations (ECF No. 175) recommending that Petitioner's Motion for Authorization to Appear in State Court Proceedings (ECF No. 170) be denied. Judge Watson recommitted the matter to the undersigned in light of those Objections (Recommittal Order, ECF No. 177). The Respondent Warden subsequently filed a Response to the Objections. (ECF No. 178).

Petitioner seeks to have the Federal Public Defender represent him in litigating a motion for relief, under Ohio R. Civ. P. 60(B), from the May 27, 2005, judgment of the Delaware County, Ohio Court of Common Pleas dismissing his petition for post-conviction relief.[1] This is a post-judgment motion, which is deemed referred to the assigned Magistrate Judge under 28 U.S.C. §

---

[1] The procedural history was set forth in the initial Report and Recommendations (ECF No. 175, PageID 16386), and is not in dispute.

1

636(b)(3), and therefore requires a report and recommendations. *McLeod, Alexander, Powel & Appfel, P.C. v. Quarles*, 925 F.2d 853, 856 (5th Cir. 1991).

# Analysis

### A. State Court Would Not Find Petitioner's Motion to be Timely

Petitioner objects to the Court's finding that a state court would necessarily find his motion to be untimely, such that expanding the scope of appointment would be inappropriate. He argues that "[p]rior to the decision in *Waddy v. Robinson*, . . . it was unclear whether 18 U.S.C. § 3599 could provide an appointment for counsel to engage in parallel state court litigation while federal proceedings remained ongoing." (Objs., ECF No. 176, PageID 16396, citing No. 3:98-cv-84, 2013 WL 3087294, at *3 (S.D. Ohio Jun. 18, 2013) (Merz, Mag. J.)). In other words, Petitioner claims he reasonably believed that only after a final decision was rendered by this Court denying the habeas petition that the scope of appointment could be expanded to include a return to state court to file a Rule 60(B) motion; "[p]rior to the *Waddy* decision, the stay-and-abeyance procedure set out in *Rhines v. Weber*, 544 U.S. 269 (2005), appeared to be the only procedural mechanism for counsel appointed under § 3599 to return to state court during the pendency of federal proceedings." Reply, ECF No. 174, PageID 16378 n.1, citing Order, ECF No. 118, PageID 2801 *et seq*.

Petitioner's Objection leaves unexplained why he waited more than five years after the *Waddy* decision to move to expand the scope of representation. Further, the motions for discovery and the evidentiary hearing he obtained in this Court—cited by Petitioner as evidence of his

diligence (Objs., ECF No. 176, PageID 16396 (citations omitted))—all occurred years before the *Waddy* decision. Even assuming *arguendo* that he was diligent in pursuing his claims prior to 2013, he cannot be fairly said to have been diligent after that point. As Petitioner is well aware, a motion under subsection 2 "shall be made . . .not more than one year after the judgment, order or proceeding was entered or taken[,]" and a motion under subsection 5 "shall be made within a reasonable time[.]" Ohio R. Civ. P. 60(B). Petitioner points us to no caselaw suggesting that equitable tolling should apply as to the one-year statute of limitations of Rule 60(B)(2), and it strains credulity that a delay of more than five years from the publication of *Waddy* could be considered "within a reasonable time," as is required under Rule 60(B)(5).

In sum, even accepting Petitioner's representation that his Motion did not become ripe until June 2013, his delay of more than five years in bringing the motion, with no explanation for the delay, leads to only one reasonable conclusion: that he exhibited neither "reasonable diligence" nor "maximum feasible diligence" in pursuing his claims, such that equitable tolling could apply (Objs., ECF No. 176, PageID 16396, quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)). While Petitioner is correct that diligence in pursuing one's claims is a matter of state law, it is a matter of federal law whether his proposed Rule 60(B) Motion is among the "other appropriate motions and procedures . . . as may be available to the defendant[,]" 18 U.S.C. § 3599(e), such that expansion of the scope of representation is appropriate. As it cannot reasonably be concluded that Petitioner's proposed motion would be appropriate, his Objection should be overruled.

### B. Whether State Court Would Find Claims Barred by *Res Judicata* is Irrelevant

In the Report, the Magistrate Judge found that:

3

> Aside from unreasonable delay in filing, the second part at least of the motion is plainly without merit. As the Fifth District Court of Appeals found, the juror questionnaires were a part of the record on direct appeal. Thus, the claim that Hand received ineffective assistance of trial counsel when his attorneys did not challenge the juror who said she had decided Hand was guilty could have been raised on the direct appeal record and did not require evidence *dehors* the record.

(ECF No. 175, PageID 16391). Petitioner objects to that finding, and argues that the "state courts may to revisit their earlier conclusion in light of the new evidence that was developed in Hand's federal proceedings." (Objs., ECF No. 176, PageID 16398, citing Report, ECF No. 175, PageID 16391). "This is particularly true given that Hand is now in possession of sworn testimony from his trial lawyers that supports his allegations of ineffectiveness." *Id.* at PageID 16399, citing Proposed Motion, ECF No. 170-1, PageID 16352-57. He notes that, subsequent to the Fifth District's denial of his petition for post-conviction relief, that court "has recognized the 'the general unreviewability of trial counsel ineffectiveness claims on direct appeal' due to the limited nature of relevant evidence that will be available in the trial record." (Objs., ECF No. 176, PageID 16398-99, quoting *State v. Middlebrooks*, 5th Dist. Tuscarawas No. 2010 AP 08 0027, 2011-Ohio-4574, ¶¶ 48, 50-53 (Sept. 6, 2011); citing *State v. Dixon*, 5th Dist. Stark No. 2008CA00254, 2009-Ohio-3137, ¶ 36 (Jun. 22, 2009), and *State v. Branham*, 5th Dist. Licking No. 08-CA-0089, 2009-Ohio-2563, ¶¶ 20-22 (Jun. 1, 2009)).

Even accepting Petitioner's argument that the Fifth District now condones the reviewability of ineffective assistance of trial counsel claims in post-conviction proceedings even when they could have been raised on direct appeal, Petitioner's delay in pursuing his claims overrides any claimed change in the law within the Fifth District. It is undisputed that Petitioner possessed the sworn testimony of his trial lawyers, Terry Sherman and Richard Cline, no later than June 11,

4

2009, the date on which he filed their depositions with this Court. (ECF Nos 56-57). Petitioner was on notice no later than September 6, 2011, of any change in the law that would have made his ineffective assistance claims colorable, despite being barred previously by *res judicata*. *Middlebrooks*, 2011-Ohio-4574, at ¶¶ 48, 50-53. Consequently, once *Waddy* was decided, Petitioner was reasonably aware not only of his purported ability to expand the scope of representation to return to state court, but precisely the gravamen of the motion that he would file upon his return to the state court. Thus, even if evidence *dehors* the record was required to pursue an ineffective assistance claim, and Petitioner's claim would not be barred by *res judicata*, his unreasonable delay in pursuing that claim means any Rule 60(B) Motion would still be time-barred. Consequently, this Objection should be overruled.

### C. *State v. Schlee* is Immaterial to the Magistrate Judge's Recommendations

In the Report, the Magistrate Judge cited "Ohio law suggesting the proposed Rule 60(B) motion would be treated by the Ohio courts as a second post-conviction petition, subjecting it to the even more stringent standards of Ohio Revised Code § 2953.23." (ECF No. 175, PageID 16391, citing *State v. Schlee*, 117 Ohio St. 3d 153, 2008-Ohio-545). Petitioner objects to the undersigned's supposed reliance upon *Schlee*, arguing that it is readily distinguishable:

> As Hand explained in his reply, the defendant in *Schlee* was attempting to use Rule 60(B) to challenge his underlying *judgment of conviction*. In contrast, Hand's proposed motion requests relief from the trial court's judgment *dismissing his post-conviction petition*, and asks the state court to proceed to the merits of Hand's third ground for relief.

(Objs., ECF No. 176, PageID 16399 (emphasis in original), quoting Reply, ECF No. 174, PageID

16382). Relief from judgment, in this instance, would not necessarily result in favorable adjudication as to the merits. "Furthermore," Petitioner claims, "Ohio courts have recognized that Rule 60(B) applies to post-conviction proceedings in appropriate circumstances." (Objs., ECF No. 176, PageID 16400, citing *State v. Dovala*, 9th Dist. Lorain No. 13CA010440, 2014-Ohio-2331 (Jun. 2, 2014); *State v. Adams*, 12th Dist. Butler No. CA2010–12–321, 2011-Ohio-1721, ¶¶ 12-15 (Apr. 11, 2011)). Thus, Petitioner argues, his Rule 60(B) Motion would not be treated as a second or successive petition. *Id*. at PageID 16399-400.

For the reasons set forth above, the proposed Rule 60(B) Motion would be time-barred in the state court, even if it were not a second or successive petition. Such a motion is not one of the "appropriate circumstances" in which Rule 60(B) would apply in post-conviction proceedings. The Magistrate Judge need not, and does not, rely upon *Schlee* in finding the proposed motion to be meritless. Thus, to the extent that the Objection seeks to alter the previous recommendation that Petitioner's Motion be denied, that Objection should be overruled.[2]

**Conclusion**

For the foregoing reasons, Petitioner's Objections (ECF No. 176) are not well-taken and should be overruled. The initial Report and Recommendations (ECF No. 175) and this Supplemental Report and Recommendations should be adopted, and Petitioner's Motion to

---

[2] While not an Objection, Petitioner argues that the factual predicates of his ground for relief that is the subject of his proposed Rule 60(B) Motion overlap heavily with one of the claims that was certified for appeal by this Court, and that he "will modify the text of his proposed motion to address the Magistrate Judge's concerns if authorization to appear in state court is granted." (Objs., ECF No. 176, PageID 16400-01). As the undersigned still concludes that authorization to appear in state court should not be granted, the Court will not address Petitioner's argument.

6

Expand the Scope of Representation (ECF No. 170) should therefore be denied.

March 15, 2019.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party=s objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).