**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

Gerald R. Hand,

      Petitioner,

v.                                         Case No. 2:07-cv-846

Marc Houk, Warden,         Judge Michael H. Watson

      Respondent.

## OPINION AND ORDER

Final judgment dismissing this capital habeas corpus case was entered on February 18, 2014. ECF Nos. 147, 148. This matter is before the Court upon Petitioner's Motion for Authorization to Appear in State Court Proceedings. ECF No. 170. Also before the Court are the following:

- Respondent's Memorandum in Opposition to Motion for Authorization to Appear in State Court Proceedings, ECF No. 173;

- Petitioner's Reply to Memorandum in Opposition to Motion for Authorization to Appear in State Court Proceedings, ECF No. 174;

- the Magistrate Judge's Report and Recommendations, ECF No. 175;

- Petitioner's Objections to the Report and Recommendations, ECF No. 176;

- this Court's Recommittal Order, ECF No. 177;

- Respondent's Memorandum in Response to Objections to the Report and Recommendations, ECF No. 178;

- the Magistrate Judge's Supplemental Report and Recommendations, ECF No. 179;
- Petitioner's Objections to the Supplemental Report and Recommendations, ECF No. 180; and
- Respondent's Memorandum in Response to Objections to the Supplemental Report and Recommendations, ECF No. 181.

Petitioner asks the Court to authorize his appointed habeas counsel, the Office of the Federal Public Defender for the Southern District of Ohio, to appear in state court on Petitioner's behalf as he moves the state trial court, pursuant to Ohio R. Civ. P. 60(B), for relief from the 2005 judgment dismissing his original state postconviction action. In both the Report and Recommendations dated November 20, 2018, and Supplemental Report and Recommendations dated March 15, 2019, the Magistrate Judge recommended that this Court deny Petitioner's motion on the ground that Petitioner's proposed Ohio R. Civ. P. 60(B) would be so untimely that authorization pursuant to 18 U.S.C. § 3599 to extend habeas counsel's representation would be inappropriate. ECF No. 175, at PageID 16392; ECF No. 179, at PageID 16410, 16413. Petitioner filed objections to both Reports, ECF Nos. 176 and 180, and Respondent filed responses, ECF Nos. 178 and 181.

A district court reviews *de novo* any part of a Magistrate Judge's Report and Recommendations to which a party properly objects. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). Upon *de novo* review, this Court finds neither

Petitioner's nor Respondent's objections to be well taken and adopts the Magistrate Judge's recommendation that Petitioner's Motion for Authorization to Appear in State Court Proceedings, ECF No. 170, be denied.

Section 3599(a)(2), Title 18 of the United States Code, authorizes the Court to appoint "one or more attorneys" to represent a defendant attacking a state sentence of death in federal proceedings. Section 3599(e) defines the scope of appointment under § 3599(a) as follows:

> Unless replaced by similarly qualified counsel upon the attorney's own motion or upon motion of the defendant, each attorney so appointed shall represent the defendant throughout every subsequent stage of available judicial proceedings, including pretrial proceedings, trial, sentencing, motions for new trial, appeals, applications for writ of certiorari to the Supreme Court of the United States, and all available post-conviction process, together with applications for stays of execution and other appropriate motions and procedures, and shall also represent the defendant in such competency proceedings and proceedings for executive or other clemency as may be available to the defendant.

In *Harbison v. Bell*, 556 U.S. 180, 182-83, 185-86 (2009), the Supreme Court held that § 3599(e)'s reference to "proceedings for executive or other clemency as may be available to the defendant" encompasses state clemency proceedings. The Supreme Court rejected arguments that the statute was intended to furnish representation in only federal proceedings and further made clear that counsel's representation pursuant to the statute includes only those proceedings transpiring subsequent to the federal habeas proceeding for which he or she was originally appointed. *Id.* at 188. The Supreme Court also rejected

the Government's argument that the Court's interpretation of the statute would require a lawyer who succeeded in setting aside a death sentence during postconviction proceedings to represent that client during an ensuing state retrial, noting that "[w]hen a retrial occurs after postconviction relief, it is not properly understood as a 'subsequent stage' of judicial proceedings but rather as the commencement of new judicial proceedings." *Id.* at 189. Finally, the Supreme Court noted that Congress's decision to furnish counsel for state clemency proceedings demonstrated a recognition of the importance of clemency in Anglo-American jurisprudence and of the manner in which the duties counsel performs in habeas corpus can provide the basis for a persuasive clemency application. *Id.* at 193.

As eluded to above, the gravamen of the Magistrate Judge's conclusion in both Reports is that because the state proceeding for which Petitioner seeks § 3599 authorization for counsel to appear—an Ohio R. Crim. P. 60(B) motion for relief from the judgment denying his original postconviction action—would be so "exceptionally tardy," ECF No. 175, at PageID 16392, the proposed Rule 60(B) motion does not qualify as "'other appropriate motions and procedures . . . as may be available to the defendant'" within the meaning of 18 U.S.C. § 3599(e), thereby rendering expansion of the scope of counsel's representation inappropriate. ECF No. 179, at PageID 16410 (quoting 18 U.S.C. § 3599(e)). Upon *de novo* review, the Court agrees with the Magistrate Judge's construction

and application of § 3599(e). This Court gleans from its reading of § 3599(e), *Harbison*, and the Sixth Circuit's decision in *Irick v. Bell*, 636 F.3d 289 (6th Cir. 2001), a clear intent on the part of Congress, and as interpreted by federal courts, to impose limits on § 3599 expansion of representation. Therefore, the viability or availability of the subsequent proceedings for which § 3599 expansion is sought necessarily informs the determination of whether § 3599 expansion is appropriate.[1]

The Court finds support for this construction in the decision of *Gary v. Humphrey*, Case No. 4:97-cv-181, 2011 WL 205772 (M.D. Ga. Jan. 21, 2011). There, the petitioner, who had fully exhausted state and federal habeas corpus remedies and had also been denied clemency, sought § 3599 expansion of federal counsel's representation to pursue not only a second clemency hearing but also an "extraordinary motion" for a new trial. The district court approved funds for the petitioner's pursuit of a second clemency hearing but not for the extraordinary motion for a new trial. Upon a motion for reconsideration, the district court explained that, read as whole, § 3599 cannot be construed as authorizing appointment of counsel for any and all available judicial proceedings

---

[1] To be clear, in determining whether § 3599 appointment is appropriate, an assessment of the viability or availability of the subsequent proceedings is *not* the same as an assessment of the applicant's prospects for success in those subsequent proceedings. This Court is of the view that the former is a proper consideration, while the latter is not.

following the exhaustion of state and federal remedies, but only for every subsequent stage of available judicial proceedings *related* to the federal habeas action for which counsel was originally appointed. *Gary*, 2011 WL 205772, at *4. The district court continued that § 3599 should not be read as *carte blanche* authority for federally funded counsel to represent a state petitioner in any and all state proceedings initiated after completion of federal habeas proceedings. The district court reasoned that § 3599 appointment is not appropriate for a state procedure that is sequentially subsequent to, but "qualitatively disconnected" from, the federal habeas proceeding for which counsel was originally appointed. *Id.* at *5. This Court agrees with that reasoning and concludes that Petitioner is in that procedural posture.

Turning to Petitioner's objections, Petitioner first objects to the Magistrate Judge's determination that the state courts would necessarily find his motion to be time-barred. ECF No. 176, at PageID 16395-98. The Magistrate Judge concluded in his Supplemental Report that Petitioner's objection leaves unexplained why Petitioner waited five years after the decision[2] endorsing § 3599 appointment for counsel to engage in parallel state litigation while also actively pursuing federal habeas proceedings to seek § 3599 authorization for Petitioner's proposed 60(B) motion. Upon *de novo* review, the Court agrees.

---

[2] *Waddy v. Robinson*, No. 3:98-cv-084, 2013 WL 3087294, at *3 (S.D. Ohio Jun. 18, 2013).

Petitioner waited thirteen years from the judgment dismissing his postconviction action, nine years from the date he obtained the sworn testimony forming the basis of his proposed 60(B) motion, and five years from the decision endorsing § 3599 appointment for counsel to pursue parallel state litigation to ask this Court for § 3599 appointment to file his proposed Ohio R. Crim. P. 60(B) motion. The Court is not persuaded that Petitioner exhibited any level of diligence in seeking to file his proposed 60(B) such that the state courts would not find it time-barred, thus disqualifying it from constituting an "appropriate motion" that would warrant § 3599 appointment. Petitioner's Objection, ECF No. 176, at PageID 16395-98, is **OVERRULED**.

In response to the Magistrate Judge's Supplemental Report and Recommendations, Petitioner again objects to the Magistrate Judge's determination that authorization should not be granted. ECF No. 180, at PageID 16416–17. Petitioner continues to argue that the state courts could reasonably find that the parallel litigation suggested by the Magistrate Judge would be inefficient and also asserts that the absence of authority supporting Petitioner's position that equitable tolling applies to the time limitation set forth in Ohio R. Crim. P. 60(B)(2) does not weigh in favor of denying authorization. Upon *de novo* review, the Court finds neither argument persuasive. In short, none of Petitioner's arguments excuses his delay until 2018 to seek § 3599 authorization to pursue his proposed Ohio R. Crim. P. 60(B) motion. Petitioner's Objection,

ECF No. 180, at PageID 16416–17, is **OVERRULED**.

Petitioner also objects to the Magistrate Judge's determinations that the state courts would find Petitioner's proposed 60(B) motion to be plainly without merit as barred by *res judicata*, ECF No. 176 at PageID 16398–99, and that the state courts could construe the proposed motion as a second postconviction action subject to more stringent jurisdictional requirements, ECF No. 176, at PageID 16399–400. Further, Petitioner agreed with the Magistrate Judge's determination that there was an overlap between the factual predicates underlying his proposed 60(B) motion and habeas claims that were certified for and discussed on appeal, and posits that his proposed Rule 60(B) motion would "provide clarity[,]" ECF No. 176, at PageID 16400–01. Because these objections target determinations that are not essential to the primary basis upon which the Magistrate Judge recommends denying Petitioner's motion—namely, the "unreasonable delay" in filing—Petitioner's Objections are **OVERRULED**.

Finally, Respondent asserts in memoranda in response that regardless of the viability of Petitioner's proposed 60(B) motion, this Court should deny Petitioner's motion because the absence of pending habeas corpus litigation leaves this Court without § 3599 authority to appoint federal counsel to represent Petitioner in state court. ECF No. 178, at PageID 16406; ECF No. 181, at PageID 16420-21. Out of an abundance of caution, the Court construes Respondent's memoranda as an objection.

Respondent relies on the decisions of *Jackson v. Bradshaw*, No. 2:03-cv-983, 2017 U.S. Dist. LEXIS 69910 (S.D. Ohio May 8, 2017) (Smith, J.); and *Lott v. Jenkins*, No. 1:04-cv-822, 2016 U.S. Dist. LEXIS 169894 (N.D. Ohio Dec. 8, 2016) (Gwin, J.), in which the district courts refused § 3599 appointment because the appointment was sought to pursue entirely new state judicial proceedings seeking relief from a state judgment and in the absence of ongoing habeas proceedings. This Court finds *Jackson* and *Lott* to be persuasive and concludes that Petitioner's purpose in filing his proposed 60(B) is to reopen the judgment dismissing his original postconviction action so that he may litigate previously rejected claims on the basis of new evidence. His primary purpose is *not* to exhaust these claims for later presentation in his long-since concluded habeas corpus action, though he may eventually seek to do that, but to obtain relief from the state judgment of conviction.

But because of his primary, dispositive determination of untimeliness, the Magistrate Judge declined to resolve whether in every instance the habeas corpus case must still be open to allow § 3599 expansion of representation to state court proceedings. Upon *de novo* review, this Court agrees with the Magistrate Judge's exercise of judicial forbearance and accordingly **OVERRULES** Respondent's memoranda (construed as an objection), ECF No. 178, at PageID 16406; ECF No. 181, at PageID 16420–21.

For the foregoing reasons, the Court **OVERRULES** Petitioner's Objections,

ECF Nos. 176 and 180; **OVERRULES** Respondent's Memoranda in Response, ECF Nos. 178 and 181; **ADOPTS** the Report and Recommendations, ECF No. 175; and **ADOPTS** the Supplemental Report and Recommendations, ECF No. 179. Petitioner's Motion for Authorization to Appear in State Court Proceedings, ECF No. 170, is **DENIED**.

    IT IS SO ORDERED.

                                  */s/ Michael H. Watson*
                                  **MICHAEL H. WATSON, JUDGE**
                                  **UNITED STATES DISTRICT COURT**